# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RAFAT HANDAWY | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00565 |
| | § | Judge Mazzant |
| BANK OF AMERICA, N.A. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss (Dkt. #6). Having considered the pleadings, the Court finds the motion should be granted in part and denied in part.

### BACKGROUND

In March 2004, Plaintiff Rafat Handawy borrowed $229,425.00 from the mortgage department of Defendant Bank of America ("BOA") to purchase a homestead at 9712 Honeysuckle Drive, Frisco, Texas 75035 (the "Property"). Plaintiff granted a purchase money interest lien to BOA on the homestead land and improvements.

On April 20, 2012, Plaintiff filed a Chapter 7 bankruptcy, Case No. 12-30459-sgi7, in the United States Bankruptcy Court for the Northern District of Texas. The bankruptcy filing listed BOA's debt on Schedule D in the amount of $200,503.00. The listing showed the debt as a secured loan with the Property having a value of $254,848.00 as collateral. Plaintiff was granted a discharge in the bankruptcy on July 2, 2012.

During the bankruptcy and thereafter Plaintiff made monthly payments on BOA's debt as they came due. Plaintiff prepaid the entire debt in 2017, and Bank of America released the lien on Plaintiff's homestead. The release was filed and recorded on April 18, 2017.

Plaintiff alleges that after the discharge in the bankruptcy was granted BOA began misreporting the status of Plaintiff's debt to three credit reporting agencies—Experian, Equifax, and Trans Union. BOA stated that the balance due on the debt was zero as a result of the discharge in bankruptcy. At the same time, Plaintiff was making regular installment payments of principal and interest as due on the note and BOA failed to update Plaintiff's payments in the payment history. Further, Plaintiff complains that BOA did not report that the note was well secured with the Property having a value substantially in excess of the balance due on the debt.

In August 2012, Plaintiff retained First Stone Credit Counseling ("FSCC") to clear up his credit. FSCC requested that BOA report the true condition of the debt owed to BOA. On October 20, 2013, FSCC sent requests to the three credit reporting agencies to dispute BOA's report of Plaintiff's debt. All three refused to correct the report. FSCC then sent a letter by priority mail to the BOA's President requesting a correction, which averred no response. An FSCC representative then called BOA's credit reporting department and spoke to a BOA representative who stated that BOA did not agree its report of Plaintiff's debt was incorrect and refused to revise it.

On September 18, 2015, Plaintiff filed suit against BOA in the Justice of the Peace Court, Precinct 3, Place 2, Collin County, Texas, Case No. 32-SC-15-00261. While the Justice of the Peace Court case was pending, Plaintiff had the opportunity to buy two 7-Eleven, Inc. ("7-Eleven") franchised convenience stores in Dallas, Texas. Plaintiff alleges to have had sufficient personal liquidity and credit commitments to make the purchases. Negotiations for the purchases proceeded right along until 7-Eleven ordered credit reports on Plaintiff on April 18, 2017. Shortly thereafter, 7-Eleven terminated negotiations. Additionally, on December 9, 2015, Plaintiff applied for a car loan with BOA, which was rejected due to his credit issues.

Plaintiff is seeking lost profit damages of $3,200,000 for the lost 7-Eleven transaction. Because that amount far exceeded the jurisdictional limit of $10,000 in recoverable damages for the Justice of the Peace Court, Plaintiff nonsuited the case in order to file this suit in Federal Court.

On August 14, 2017, Plaintiff filed his Original Complaint in this Court (Dkt. #1). On October 5, 2017, Defendant filed this motion to dismiss (Dkt. #6). On October 11, 2017, Plaintiff filed a response (Dkt. #7). On October 18, 2017, Defendant filed a reply (Dkt. #8).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*,

556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court generally may not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

## ANALYSIS

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, generally imposes two duties to persons who furnish information to credit reporting agencies: (1) duties to provide accurate information under certain circumstances, *see* 15 U.S.C. § 1681s-2(a); and (2) duties upon

notice of dispute. 15 U.S.C. § 1681s-2(b).[1] When a credit furnisher receives notice of a dispute regarding the accuracy of information, pursuant to 15 U.S.C. § 1681i, it must conduct an investigation, review all relevant information, and report the results to the notifying consumer reporting agency, or if the investigation shows that the information was inaccurate, report the results to all other consumer reporting agencies. 15 U.S.C. § 1681s-2(b)(1)(A)-(D). If the information is incorrect, credit furnishers have an affirmative duty to correct the information:

> If an item of information disputed by a consumer is found to be inaccurate . . . for purposes of reporting to a consumer reporting agency only, [a credit furnisher shall] modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1)(E).

In his Complaint, Plaintiff contends that BOA misreported Plaintiff's bankruptcy to the credit agencies after the discharge; that BOA misreported the balance of the debt as zero as a result of the discharge in bankruptcy but failed to acknowledge that Plaintiff was making regular installment payments as due on the note; and that BOA failed to conduct a reasonable investigation and reinvestigation as required by the FCRA into the accuracy of the information reported after Plaintiff disputed the debt and failed to accurately update the information reported regarding the outstanding debt.

Plaintiff, therefore, contends that he is entitled to recover actual damages, attorney's fees, and costs. In addition, Plaintiff asserts that he is entitled to statutory damages for BOA's allegedly willful or negligent refusal to follow reasonable procedures to assure the accuracy of information

---

[1] A violation of any of the duties described in section 1681s-2(a) does not give rise to a private right of action. *See* 15 U.S.C. § 1681s-2(c)(1); § 1681s-2(d). However, a violation of the duties described in section 1681s-2(b) may give rise to a private right of action. *See Zoluaga v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-369, 2011 WL 5600377, at *6 (E.D. Tex. Nov. 16, 2011); *see also Davis v. Sallie Mae, Inc.*, No. 3:09-CV-00821-B, 2009 WL 2525303, at *4 (N.D. Tex. Aug. 18, 2009); *Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 519 (N.D. Tex. 2003).

reported or engaging in a pattern of conduct refusing to follow reasonable procedures in investigating his disputes as required by the FCRA.

BOA asserts that Plaintiff's claim is barred by the statute of limitations pursuant to 15 U.S.C. § 1681p, which states:

> An action to enforce any liability created under this subchapter may be brought ... not later than the earlier of—
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p; *see Mack v. Equable Ascent Fin., LLC*, 748 F.3d 663, 665 (5th Cir. 2014).

BOA contends that the 2-year statute of limitations began to run in August 2012, when Plaintiff knew of BOA's alleged false reports on his credit reports and retained FSCC to clear up his credit. Plaintiff's contends that he was not aware of the alleged FCRA violations that formed the basis for his cases until December 9, 2015, when he tried to obtain a consumer loan from BOA to purchase a Toyota vehicle. The Court finds Plaintiff's reasoning unavailing. Plaintiff stated in his Complaint:

> Plaintiff therefore retained First Stone Credit Counseling ("FSCC") in August 2012 to clear up his credit by requesting Bank of America to report the true condition of Bank of America debt, that Plaintiff had recognized the debt as a secured debt and was during and after bankruptcy making payments currently as required. On October 20, 2013, FSCC sent requests to the three (3) credit reporting agencies to dispute the Bank of America report of Plaintiff's debt. . . .

(Dkt. #1 at ¶ 4.07).

Plaintiff knew of BOA's alleged false reports on his credit reports as early as August 2012. Thus, the 2-year statute of limitations applies. However, when a republication of credit information results in a new denial of credit, it constitutes a distinct harm and gives rise to a cause of action that is separate from that which arose from the original publication of credit information.

*Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002) (citing *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 450 (5th Cir. 1988)); *Whitesides v. Equifax Credit Information Services, Inc.*, 125 F. Supp. 2d 813 (W.D. La. 2000) (in action brought against bank by victim of credit-card fraud, which was based on bank's actions in reporting account and delinquencies to consumer-reporting agencies, two-year statute of limitations began to run anew each time a potential creditor requested a credit report and each time credit was denied based upon the outstanding account that had been fraudulently obtained).

Thus, Plaintiff's FCRA claims that pertain to BOA debt and bankruptcy that was reported, disputed, verified, or republished before August 17, 2015, two years before this action was filed, are time-barred under § 1681p. *See Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014) (per curiam) (explaining that the limitations period for FCRA claims "begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation"). However, Plaintiff has pleaded facts to state a plausible claim under the FCRA for new denials of credit that occurred within the time limitations. On December 9, 2015, a car loan application made by Plaintiff to BOA, which was rejected by BOA specifically based on the bankruptcy. Plaintiff also pleaded that he had the opportunity to buy two 7-Eleven franchised convenience stores in Dallas, Texas, and that negotiations came to a halt after 7-Eleven ordered credit reports on Plaintiff on April 18, 2017. These events are timely under the FCRA.[2]

---

[2] In its reply (Dkt. #8), Defendant raises new arguments regarding whether Plaintiff pleaded facts showing BOA received notice of a dispute from a consumer reporting agency. The Court will not consider new arguments raised in Defendant's reply brief.

## CONCLUSION

It is therefore **ORDERED** that Defendant Bank of America's Motion to Dismiss is hereby **GRANTED in part** and **DENIED in part**.

All FCRA claims that accrued before August 17, 2015, are dismissed with prejudice.

All FRCA claims that accrued on or after August 17, 2015, will proceed at this time.

**IT IS SO ORDERED**.

 **SIGNED this 17th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE